UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-62265-CIV-SINGHAL

OTTO RAFAEL MINDIOLA ARIAS,

Petitioner,

v.

WARDEN, Broward Transitional Center, *et al.*,

Respondents.
_________________________________/

# ORDER

**PETITIONER OTTO RAFAEL MINDIOLA ARIAS** was denied bond. Now he challenges the immigration judge's decision denying him bond as a flight risk. He argues the decision was based on a legal error and that the hearing was constitutionally inadequate. But Petitioner raises these concerns before the wrong tribunal. Petitioner must appeal the immigration judge's decision to the Board of Immigration Appeals ("BIA") before he seeks the writ of habeas corpus. Because Petitioner has not exhausted his available remedies, his Petition for Writ of Habeas Corpus (DE [1]) is denied.[1]

## I. LEGAL STANDARD

District courts have authority to grant writs of habeas corpus. 28 U.S.C. § 2241(a). Habeas corpus is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren,* 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who demonstrates that he is being held in custody in violation of the Constitution or federal

[1] Exhaustion of remedies is not jurisdictional. Generally, courts do not raise the issue *sua sponte*. *See Pineda Guillen v. U.S. Att'y Gen.*, 2026 WL 1878494, at *2 (11th Cir. June 30, 2026). But in the habeas context, courts are authorized to deny petitions if "it appears from the application that the applicant or person detained is not entitled" to the relief requested. 28 U.S.C. § 2243. Because Petitioner has not exhausted his remedies, he is not entitled to relief from this Court. Thus, the Court denies the Petition (DE [1]).

law. *See* 28 U.S.C. § 2241(c)(3). The court's jurisdiction extends to challenges involving immigration-related detention. *See Zadvydas v. Davis,* 533 U.S. 678, 687 (2001).

II. DISCUSSION

Federal statutes and regulations have created a system for immigration detainees to obtain bond pending removal. *See* 8 U.S.C. § 1226(a); 8 C.F.R. § 1003.19. If a detainee is denied bond, the regulations allow the detainee to appeal to the BIA. *See* 8 C.F.R. § 1003.1(b)(7) ("Appeals may be filed with the Board of Immigration Appeals from the . . . [d]eterminations relating to bond, parole or detention of an alien . . . ."); *Bazoalto Suarez v. Warden, Miami Federal Detention Center,* No. 26-cv-21956, at *3 (S.D. Fla. Apr. 8, 2026) (Altman, J.,) ("If he disagrees with the Immigration Judge's decision, he must appeal it to the BIA."). The BIA can even consider challenges to the constitutionality of the immigration judge's hearing. *See Pineda Guillen v. U.S. Att'y Gen.*, 2026 WL 1878494, at *2 (11th Cir. June 30, 2026).

Instead of appealing to the BIA, Petitioner filed a Petition for Writ of Habeas Corpus. But before bringing a petition for writ of habeas corpus, a detainee generally must exhaust available administrative remedies. *See Santiago-Lugo v. Warden*, 785 F.3d 467, 475 (11th Cir. 2015). Here, Petitioner did not exhaust his remedies. His concerns with his hearing below, including his constitutional challenges, could be addressed by the BIA on appeal. *See Pineda*, 2026 WL 1878494, at *2. Petitioner has in fact reserved his right to appeal. He should take the remedy that Congress has given him. Truly, Congress has determined that the BIA is better equipped than this Court to address issues with the immigration judge's order. *See* 8 U.S.C. § 1226(e) ("No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."). This Court is not the proper tribunal for

Petitioner's request.

III. CONCLUSION

Petitioner has failed to exhaust his remedies. He should appeal to the BIA. Accordingly, it is hereby **ORDERED AND ADJUDGED** that the Petition for Writ of Habeas Corpus (DE [1]) is **DENIED**. The Clerk of Court is directed to **CLOSE** this case, **CANCEL** all hearings and deadlines, and **DENY AS MOOT** any pending motions.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 17th day of August 2026.

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF